Willie Charles JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14889.

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1969.

See also, Okl.Cr., 453 P.2d 390.

Homer Thompson, Asst. Public Defend-
er, Oklahoma County, for plaintiff in er-
ror.

G. T. Blankenship, Atty. Gen., Charles
L. Owens, Asst. Atty. Gen., for defendant
in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, Willie Charles John-
son, hereinafter referred to as the defend-
ant, was charged by information in the
District Court of Oklahoma County, Case
No. 33957, with the crime of Robbery First
Degree, After Former Conviction of a Fel-
ony. He was tried by a jury, found guilty,
and sentenced to twenty years in the peni-
tentiary. From that judgment and sen-
tence he has appealed to this Court.

From the record, the first witness called
·by the State was Police Officer James R.
Webster who testified that he was called to
70th and North Western on December 7,
1967, where he met one Tony Malone, who
stated that he had been robbed by two col-
ored males at 115 East Wilshire Blvd. Of-

ficer Webster testified that he observed a window screen pried off, a window pane broken, and other evidence that a burglary had been committed. He was furnished information by Malone concerning a red and white 1959 Pontiac bearing license tag number XF–7711 which had been parked in the driveway of the residence; and, was told of the alleged robbery in which Malone stated two men came from the rear door of the residence, beat him, and took his billfold which contained $190.00 in cash and two checks, one for $80.00 and the other for $83.00. He identified the defendant as one of these two men. Officer Larry G. Yandell, a detective with the Oklahoma City Police Department, testified that he had been furnished with a tag number from a 1959 red and white Pontiac and a description of a man who had committed the robbery. On December 9, 1967, he found the vehicle parked at the Imperial House at 1700 North Eastern. The defendant was found in one of the apartments, and fitting the description, was arrested. The detective stated that he had checked the tag number of the vehicle, that the vehicle was not owned by the defendant, but by another, who was also charged in the robbery.

The defendant presented no evidence.

■ On appeal, defendant complains that the sentence is excessive. With this we cannot agree. Defendant was given a punishment well within the statutory limits. See, Title 21, O.S.1961, § 798; and Title 21 O.S.Supp.1967, § 51.

■ In view of defendant's long record of felony convictions for grand larceny and burglary in the second degree, the sentence is far less than he could have received. Defendant further contends that because of another sentence of Forty Years he received in a trial for Burglary which immediately preceded this trial, the sentence here should be modified. This Court agrees with the Attorney General's brief wherein he states: "One committing several crimes should pay with increasing severity for his unlawful activities, and not be rewarded with reduced punishment for having the foresight to commit several crimes at once. Each of the verdicts rendered this defendant was based upon careful and unprejudiced consideration by a jury." We are of the opinion that defendant's second proposition of error is also without merit.

■ Therefore, the Court is of the opinion that the defendant had a fair and impartial trial, that the issues were properly submitted to the jury, and that the evidence amply supports the verdict of the jury.

For these reasons, the judgment and sentence of the District Court of Oklahoma County is affirmed.

BRETT, P. J., and BUSSEY, J., concur.